UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY ANN MOODY,

    Plaintiff,

v.                                                                   Case. No. 10-11684
                                                                 Hon. Lawrence P. Zatkoff

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on August 30, 2011.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

Plaintiff filed this action seeking Social Security disability benefits. This matter currently comes before the Court on Magistrate Judge Randon's Report and Recommendation [dkt 24], in which the Magistrate Judge recommends that Plaintiff's motion for summary judgment [dkt 16] be denied and Defendant's motion for summary judgment [dkt 23] be granted. Plaintiff has filed objections to the Magistrate's Report and Recommendation [dkt 25], to which Defendant has responded [dkt 26]. The Court has thoroughly reviewed the court file, the respective motions, the Report and Recommendation, Plaintiff's objections, and Defendant's response. For the reasons discussed below, the Court ADOPTS Magistrate Judge Randon's Report and Recommendation. Plaintiff's motion for summary judgment is DENIED, and Defendant's motion for summary judgment is GRANTED. The Court will, however, briefly address Plaintiff's objections below.

## II. LEGAL STANDARD

The Court examines an administrative law judge's ("ALJ") decision to determine if the correct legal standard was used and if the findings are supported by substantial evidence. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). The ALJ's decision "is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Id.* Substantial evidence is "more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). In determining whether the Commissioner's decision is supported by substantial evidence, the Court must examine the administrative record as a whole. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (per curiam). The Court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). If the Commissioner's decision was supported by substantial evidence and decided under the correct legal standard, the Court must affirm the Commissioner's decision even if it may decide the case differently, and even if substantial evidence also supports the claimant's position. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).

## III. ANALYSIS

The facts of this case are adequately recited in the Report and Recommendation and need not be revisited here. Plaintiff asserts three objections to the Magistrate Judge's Report and Recommendation: (1) the Magistrate Judge erroneously referenced Dr. Hudson's October 2008, letter, but failed to reference Dr. Hudson's July 6, 2007, report regarding Plaintiff's seizures; (2) the

Magistrate Judge failed to review the complete record because Defendant failed to file the complete transcript with the Court until after Plaintiff filed her motion for summary judgment; and (3) the Magistrate Judge improperly analyzed Dr. Hudson's opinion. The Court will review each objection.

**1. DR. HUDSON'S OCTOBER 2008 LETTER**

In dismissing Plaintiff's arguments that her seizures were disabling, the Magistrate Judge upheld the ALJ's findings based on substantial evidence that her seizures were not disabling. Plaintiff's objection is directed toward only one of the Magistrate Judge's conclusions dismissing Dr. Hudson's October 2008 letter, which stated that Plaintiff's seizures were disabling. This letter, however, was correctly not considered by the Magistrate Judge because it was drafted almost a year after the ALJ's November 2007 decision. Furthermore, the Magistrate Judge did not solely rely on dismissing Dr. Hudson's October 2008, letter in finding that Plaintiff's seizures were not disabling. The Magistrate Judge also noted that the medical records did not document any deterioration in Plaintiff's condition that resulted in additional functional limitations until after her insured status expired. The Magistrate Judge identified further evidence that supported the ALJ's conclusion, noting:

> Plaintiff's mother testified that Plaintiff did not have her first seizure until November 2004 (Tr. 262-63). Yet she submitted a function report in January 2005 that made no mention of Plaintiff's seizures (Tr. 82-89). In that report, Plaintiff's mother noted that Plaintiff was able to drive short distances and went grocery shopping each month (Tr. 85). She ascribed Plaintiff's limitations to her pain or her tendency to forget things (Tr. 82-85). Plaintiff herself submitted a function report the same day and also omitted mention of any seizures (Tr. 90-97). Additionally, the doctors at the University of Michigan were aware of Plaintiff's seizures but did not find them disabling. Plaintiff's July 29, 2005, discharge report indicated that Plaintiff should not drive for six months on account of the seizures but Plaintiff could "[w]ork as able" (Tr. 297). A November 23, 2005, discharge report permitted "driving as tolerated, work as desired"

(Tr. 327).

As such, the Magistrate Judge correctly found that the ALJ's determination was based on substantial evidence in the record. Plaintiff's first objection is rejected.

## 2. SUPPLEMENTAL FILING AFTER PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff filed her motion for summary judgment on December 16, 2010. On February 25, 2011, after Defendant realized the initial transcript filed in this case was incomplete, Defendant filed a supplemental pleading purportedly completely the transcript. Then on March 21, 2011, Defendant filed its motion for summary judgment. In Plaintiff's instant objection, Plaintiff has attached pages 278 through 325 of the transcript in this case. Plaintiff alleges that Defendant failed to include these pages in its initial transcript or the supplemental transcript. Plaintiff argues, pursuant to 42 U.S.C. § 405(g), it is Defendant's duty to file a certified copy of the transcript (*i.e.*, the administrative record). Plaintiff further argues that because the administrative record was not complete, the Magistrate Judge could not determine whether the ALJ's decision was supported by substantial evidence in the whole record. As a result, Plaintiff asserts that the Court should reverse the ALJ's opinion and remand this case to the ALJ.

Pursuant to 42 U.S.C. § 405(g), a court may "order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." Additional evidence is "material" if "there is a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 484 (6th Cir. 2006) (citing *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001)).

The Court rejects Plaintiff's objection because, she has failed to address whether the evidence contained in the additional pages she attaches to the instant objection is "material." Although Plaintiff has attached the missing pages of the transcript to the instant objection, she does not cite to any specific portion that would create a reasonable probability that the Magistrate Judge or ALJ would have reached a different holding. *See Hollon*, 447 F.3d at 477. Furthermore, the Magistrate Judge even cited to portions of the record between pages 278 and 325 to support his Report and Recommendation. Moreover, Plaintiff fails to show good cause why she did not move the Court, after Defendant filed the supplemental transcript, for an opportunity to file supplemental briefing to raise such concerns. As such, Plaintiff's second objection is rejected.

### 3. IMPROPER ANALYSIS OF DR. HUDSON'S OPINION

Plaintiff next argues that the Magistrate Judge erred when he analyzed the opinion and notes of Plaintiff's treating physician, Dr. Hudson, regarding Plaintiff's seizures as disabling. The Magistrate Judge, however, correctly found that the ALJ properly discounted Dr. Hudson's opinion. The Magistrate Judge noted that the medical records prior to December 31, 2004, the date Plaintiff's insured status expired, supported the ALJ's conclusion to give less weight to Dr. Hudson's opinion. As the Court noted above, the Magistrate Judge referenced other substantial evidence in the record that shows that Plaintiff's seizures were not disabling. Such evidence includes: a January 2005 CT scan, revealing Plaintiff's head as normal; a July 2005 CT scan, also indicating Plaintiff's head was normal; and medical evidence that Plaintiff's seizures did not begin until November of 2004. Other than Dr. Hudson's opinion, Plaintiff fails to cite any other medical evidence that a single seizure prior to December 31, 2004, was disabling. Even if other substantial evidence supports a contrary conclusion, the Court may not reverse the ALJ's conclusion if the ALJ's conclusion is supported by

substantial evidence. *Key*, 109 F.3d at 273. Because the ALJ's decision is supported by substantial evidence and the Magistrate Judge did not err in finding so, Plaintiff's third objection is rejected.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment [dkt 16] is DENIED, and Defendant's Motion for Summary Judgment [dkt 23] is GRANTED.

IT IS SO ORDERED.

                                           S/Lawrence P. Zatkoff
                                           LAWRENCE P. ZATKOFF
                                           UNITED STATES DISTRICT JUDGE

Dated: August 30, 2011

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 30, 2011.

                                           S/Marie E. Verlinde
                                           Case Manager
                                           (810) 984-3290